## Anton Papszycki, Defendant in Error, v. John Gurka, Plaintiff in Error.

### Gen. No. 19,494.   (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed April 12, 1916.

### Statement of the Case.

Action by Anton Papszycki, plaintiff, against John Gurka, defendant, in the Superior Court of Cook county, to recover damages for being bitten by defendant's dog. To reverse a judgment for plaintiff for eight hundred and fifty dollars, defendant prosecutes this writ of error.

W. G. ANDERSON and E. H. WRIGHT, for plaintiff in error.

CHYTRAUS, HEALY & FROST, for defendant in error.

MR. PRESIDING JUSTICE PAM delivered the opinion of the court.

### Abstract of the Decision.

1. ANIMALS, § 14*—*when persons not bound to exercise care to avoid being bitten by domestic animals.* Persons are not bound to exercise care to avoid being injured by domestic animals not naturally dangerous without notice of the vicious tendencies of the particular animal.

2. ANIMALS, § 39*—*when plaintiff need not allege and prove due care to avoid injury from animal.* In an action to recover damages for being bitten by a dog, it is not necessary for plaintiff to aver and prove due care and caution for his own protection, such facts being matter of defense.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. APPEAL AND ERROR, § 1313*—*when presumed that case tried on regular call of calendar*. Where nothing to the contrary appears in the record, it will be presumed that a case is tried on the regular call of the calendar.

4. DAMAGES, § 228*—*when notice to defendant after default not prerequisite to holding inquest to assess damages*. Where a default is entered in an action tried on the regular call of the calendar, notice to the defendant after such default is not necessary to enable the court to hold an inquest for assessing damages.